**PENNYRILE CITIZENS BANK & TRUST COMPANY, Appellant,**

v.

**William E. SCENT, Appellee.**

Court of Appeals of Kentucky.

July 27, 1984.

Rehearing Denied March 2, 1984.
Discretionary Review Denied by Supreme Court Nov. 9, 1984.

Thomas C. Glover, Wright & Wright, Hopkinsville, for appellant.

Milburn C. Keith, Keith, Scent & Scent, Hopkinsville, for appellee.

Before HAYES, C.J., and COMBS and GUDGEL, JJ.

GUDGEL, Judge:

This is an appeal from a judgment of the Christian Circuit Court which was entered pursuant to the terms of an offer of judgment. The issues are whether a party who makes a CR 68 offer of judgment is entitled to withdraw or rescind the offer after it is accepted, and, if so, whether the trial court was guilty of an abuse of discretion by refusing to permit appellant to do so in the instant action. We are of the opinion

that an offer of judgment, once timely accepted, may not be rescinded or withdrawn. Accordingly, we affirm.

This case presents an issue of first impression. Appellee sued appellant, a bank, alleging that the latter owed him $2,650.93 which he had overpaid on a promissory note. Appellant responded to the suit by serving a CR 68 offer of judgment on appellee. In the offer, appellant agreed to allow appellee to take a judgment against it for $2,650.93, costs, and interest. Appellee served a written notice that he accepted the offer on the same day, and filed the offer and notice of acceptance together with a proof of service thereof with the clerk seven days later.

The day before this filing, however, appellant filed a counterclaim and set-off, in which it alleged that it had mistakenly agreed to pay appellee too much. Appellee responded by filing a motion to strike the counterclaim and set-off. Next, appellant filed a motion to amend or to strike its offer of judgment. After a hearing, the court entered a judgment for appellee which conformed to the terms specified in appellant's offer of judgment. This appeal followed.

First, appellant contends that the court erred by failing to permit it to rescind or withdraw its offer of judgment. It argues that appellee's acceptance of its offer created a contract. Because this jurisdiction permits certain contracts to be rescinded if one of the parties to it has made a unilateral mistake, appellant urges that the court erred by refusing to permit it to rescind its contract in the instant action. We disagree.

CR 68 provides that, at any time more than 10 days before trial, a party defending against a claim may serve upon the adverse party an offer to allow a judgment to be taken against that party for money, property, or to the effect specified in the offer with costs then accrued. If, within 10 days after service of the offer, the adverse party serves a written notice accepting it and the offer and notice of acceptance are filed, the rule directs that

the court "shall" render a judgment accordingly. Obviously, the rule is mandatory and does not vest the trial court with any discretion. Moreover, the rule is silent as to whether an offer of judgment may be withdrawn except to state that an offer is to be deemed withdrawn if it is not accepted within the time prescribed. CR 68(3). It appears to us, therefore, that the rule implies that an offer of judgment, once made and accepted, may not be withdrawn. Udall, *May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?*, 19 F.R.D. 401 (1957). To hold otherwise would undermine the purposes of the rule, which are to encourage settlements and to discourage protracted litigation. We hold, therefore, that a CR 68 offer of judgment may not be withdrawn after it has been timely accepted. Thus, the court did not err by entering a judgment in the instant action which conformed to appellant's offer.

Appellant's argument that it is entitled to equitable relief from its allegedly mistaken overpayment is unpersuasive. As noted earlier, CR 68 is intended to encourage settlements and to avoid protracted litigation by providing a procedure for a party defending against a disputed claim to expeditiously effect a settlement and avoid payment of additional costs of litigation, including attorneys' fees. The party desiring to settle merely serves an offer of judgment on the adverse party. If the offer is accepted, a settlement is thereby effected, which the court renders enforceable by entry of a judgment.

Here, appellant offered to settle the action pending against it by offering to pay appellee a certain sum of money. Appellee accepted appellant's offer in a timely fashion. A settlement of appellee's claim was thereby effected. Appellant cannot now contend that it is entitled to be relieved of the settlement it made merely because it feels it mistakenly agreed to pay too much. If appellant did mistakenly agree to pay too much, the mistake was due to its own negligence or lack of due diligence and not due to any fraud or misrepresentation on

appellee's part. In such a situation, the party making the overpayment is not entitled to equitable relief. *Allen Lumber Co. v. Howard,* 254 Ky. 778, 72 S.W.2d 483 (1934).

The court's judgment is affirmed.

All concur.