**Mary Bracken POLK**

v.

**MONTGOMERY COUNTY, MARYLAND, et al.**

**Civ. No. Y–82–194.**

United States District Court, D. Maryland.

March 1, 1990.

L. Palmer Foret, Silver Spring, Md., for defendant Polk.

Carole A. Jeffries, Chevy Chase, Md., for plaintiff Montgomery County, Md.

### MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Defendant, Montgomery County, Maryland, has filed a Motion for Award of Attorney's Fees and Costs pursuant to 54(d) and 68, Federal Rules of Civil Procedure, seeking recovery of costs incurred in the litigation of this matter subsequent to Plaintiff's rejection of an offer of judgment exceeding the amount of the judgment finally obtained. Plaintiff's Opposition to

Defendant's motion and a Reply Brief have also been considered.

## I. *Factual and Procedural Background.*

The relevant facts are essentially undisputed. Plaintiff, Mary Bracken Polk, filed an action seeking $2,700,000 in compensatory and punitive damages for having been subjected to a visual strip search at the Montgomery County Detention Center. Previously, in 1981, the Fourth Circuit Court of Appeals had determined that such strip searches were unconstitutional. *Logan v. Shealy*, 660 F.2d 1007 (4th Cir.), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982).

In a related class action, *Smith v. Montgomery County*, 547 F.Supp. 592 (D.Md. 1982), the Court certified a class of individuals subjected to strip searches by Montgomery County under circumstances essentially identical to those alleged in Plaintiff's complaint. However, rather than join the class certified in the *Smith* case, Plaintiff elected to pursue her claim separately. The two cases were consolidated and the *Smith* case settled shortly thereafter.

Defendant stipulated that the strip search was unconstitutional and a jury trial was scheduled on the remaining issues of whether the search was done in private and the extent of her damages.

Before trial, Defendant served upon Plaintiff an Offer of Judgment, pursuant to 68, Fed.R.Civ.P., in the amount of $31,000 plus costs. After Plaintiff declined the offer, the case went to trial and, pursuant to Defendant's stipulation and the verdict returned by the jury, the Court entered judgment for the plaintiff for nominal damages in the amount of one (1) dollar.

Plaintiff thereafter filed an affidavit for attorney's fees pursuant to 42 U.S.C. § 1988, and by Memorandum Opinion dated July 5, 1988, the Court ordered Defendant to pay attorney's fees in the amount of $4651.86. *Memorandum and Order*, 689 F.Supp. 556 (D.Md.1988).[1]

Plaintiff entered an appeal and the Judgment was affirmed as to the nominal damages and amount of the attorney's fees award. *Polk v. Montgomery County*, Case No. 88–1152 (4th Cir. May 15, 1989) [875 F.2d 316 (Table)]. The mandate of the Fourth Circuit was returned on June 8, 1989.

On June 12, 1989, Defendant filed the instant motion under Rule 68 seeking attorney's fees and costs.

## II. *Law and Analysis.*

Rule 68 provides, in relevant part, that:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, ... the clerk shall enter judgment [accordingly] .... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The Rule further provides that:

When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

Fed.R.Civ.P. 68.

Plaintiff contends that the Offer of Judgment was served upon her less than 10 days prior to the trial and that such a procedural defect precludes recovery of costs under the Rule. Accordingly, the Court must determine, first whether Defendant's Offer of Judgment was untimely

---

1. This award constituted approximately 4% of Plaintiff's loadstar figure of $113,107.31. *See*

*Polk v. Montgomery County,* Case No. 88–1115 (4th Cir. May 15, 1989), at 10.

as a matter of law and, if so, whether such untimeliness precludes recovery of costs.

 Rule 6 of the Federal Rules of Civil Procedure prescribes the manner in which the time periods provided for under the Rules of Civil Procedure are to be computed. · Rule 6(a) provides, in part, that:

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

6(a) Fed.R.Civ.P. Clearly, the 10 day limitation prescribed under Rule 68 is covered by the exclusion of intervening weekends and holidays.

It is undisputed that Defendant served its Offer of Judgment upon Plaintiff on March 24, 1988. The date of the trial was April 4, 1988. Counting back from the trial date as provided under Rule 6 and excluding intervening weekends and holidays, the Court concludes that the latest date upon which Defendant's Offer of Judgment could have been timely served was on March 21, 1988. Accordingly, the Offer served on March 24, 1988 was, as a matter of law, less than ten days prior to the date of the trial.[2]

 The Court must next determine whether the Defendant's failure to serve its Offer of Judgment within 10 days of trial precludes any recovery of costs to which Defendant may otherwise be entitled. It making this determination, the Court need only look to the language of Rule 68. "It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute." 2A *Sutherland Statutory Construction, 4th ed.,* § 46.06, at 104 and, "each part or section should be construed in connection with every other part or section so as to produce a harmonious whole." *Id.,* § 46.05, at 90.

Rule 68 provides, in addition to the time requirements for serving an offer of judgment, that "if within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted" judgment will be entered accordingly. Fed.R.Civ.P. 68. The party being served under the Rule therefore has a full 10 days to decide whether to accept or reject the offer. However, this provision would be rendered meaningless if, because of the serving party's failure to provide timely service of the offer, the case were to come on for trial before the expiration of the 10 day acceptance period. As a matter of statutory construction, it is irrelevant that the offer was, in fact, rejected in the instant case.

In order to award costs in the instant case, the Court would be compelled to disregard the plain statutory language of one clause of Rule 68 in order to afford Defendant relief under another clause of the same Rule. The Court concludes that the procedural requirements of Rule 68 are non-severable and Defendant's failure to serve timely its Offer of Judgment precludes a subsequent recovery of costs based upon that same Offer.

---

**2.** The Defendant asserts that the relevant period for excluding weekends and holidays under Rule 6(a) is seven (7) days. Although prior to 1985, seven days was the applicable period, by amendment, this period was increased to eleven (11) days. The Offer of Judgment in this case was served in 1988 making such Offer subject to the 1985 amendments to Rule 6.