A. Ray SMITH and LRBC,
Inc., Appellants,

v.

KENTUCKY STATE FAIR
BOARD, Appellee.

No. 90–CA–1035–MR.

Court of Appeals of Kentucky.

April 5, 1991.

Discretionary Review Denied by
Supreme Court Nov. 14, 1991.

J. Fox DeMoisey, Louisville, for appellants.

Ronald L. Gaffney, John J. McLaughlin, Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, for appellee.

Before DYCHE, HOWARD and MILLER, JJ.

MILLER, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court entered upon an "Offer of Judgment" extended by appellants/defendants, A. Ray Smith and LRBC, Inc., to appellee/plaintiff, Kentucky State Fair Board, under Kentucky Rules of Civil Procedure (CR) 68.

The facts are these: On November 12, 1987, appellee filed suit against appellants in the Jefferson Circuit Court, seeking recovery on a contract and guaranty agreement. After much discovery and on April 26, 1990, appellants made an Offer of Judgment pursuant to CR 68.[1] The next day, April 27, appellants, owing to a change in finances, decided to, and did, communicate to appellee a "Notice of Withdrawal of Offer of Judgment." Ignoring this withdrawal, on April 30, 1990, appellee filed an "Acceptance of Offer of Judgment."

On May 3, 1990, the circuit court, holding the Offer of Judgment remained opened and could not be withdrawn within the 10–day period provided in the rule, entered judgment for appellee in accordance with the terms of the offer. This appeal follows, squarely placing before us the question of whether an Offer of Judgment made pursuant to CR 68 may be withdrawn by the offerer before acceptance and be-

---

1. RULE 68. OFFER OF JUDGMENT

(1) At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property, or to the effect specified in his offer, with costs then accrued. The offer may be conditioned upon the party's failure in his defense. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance, together with the proof of service thereof, and thereupon judgment shall be rendered accordingly, except when the offer is one conditioned upon failure in defense, in which case the judgment shall be rendered when the defense has failed.

. . . .

(3) An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

fore elapse of the 10–day period provided in the rule.

Before discussing what limited authority we find on the subject, we observe that CR 68 is predicated upon penalty and reward. The rule provides for an Offer of Judgment toward the aim of settling litigation. It has a common sense perspective in permitting a party defending a claim to make an Offer of Judgment (settlement) at any time more than 10 days before trial. If accepted, the court is mandated to enter judgment accordingly. However, if the offer is not accepted and the judgment obtained by the offeree is not more favorable, the offeree must pay the cost incurred after the making of the offer.

This appears a case of first impression in this jurisdiction. A tangential case is *Pennyrile Citizens Bank & Trust Co. v. Scent*, Ky.App., 676 S.W.2d 798 (1984), wherein the defendant, Pennyrile, made an Offer of Judgment pursuant to CR 68. Plaintiff, Scent, accepted the offer. After acceptance, but still within the 10–day period provided in the rule, Pennyrile determined that it had mistakenly agreed to pay Scent too much, and thereupon sought to withdraw or rescind. The trial court rejected Pennyrile's efforts and ruled for Scent. On appeal, the trial court was affirmed. It was held that the Offer of Judgment accepted within the 10–day period was binding on Pennyrile, and that the trial court was mandated by CR 68 to enter judgment in accordance with terms of the offer. The appellate court noted that "the mistake was due to its [Pennyrile's] own negligence or lack of due diligence and not due to any fraud or misrepresentation on the appellee's [Scent's] part." *Id.* at 799–800. One would assume the decision does not, in all cases, exclude mistake as a basis for withdrawing an offer. We are not concerned with such an evaluation, however, as appellants allege neither fraud, mistake, nor misrepresentation. On the contrary, they predicate their desire to withdraw upon a change in economic circumstance.

CR 68 gives the offeree 10 days in which to accept an Offer of Judgment and provides that if it is not accepted within that time, it "shall be deemed withdrawn." The rule does not address revocation or withdrawal before expiration of the 10 days. We find little discussion on the point. However, we do find some utterance directed to Federal Rule of Civil Procedure 68, after which our civil rule is patterned, tending to agree with the trial judge that an Offer of Judgment under the rule must remain open for 10 days. 12 Wright and Miller, *Federal Practice and Procedure*; Civil § 3004 (1973), and Udall, *May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?* 19 F.R.D. 401 (1957). This interpretation is described as the better view of the Offer of Judgment rule in that its underlying purpose is to foster compromise and settlement. Offers which can be withdrawn at any time mitigate against those ends. The contrary view, as advanced by appellants, is that the vagaries of litigation and the tyranny of economic circumstance are such that a litigant might reasonably be expected to change his position and thus should be permitted to withdraw his offer any time before acceptance. They analogize their position to that of an offer of contract which may be withdrawn any time before acceptance. *Restatement (Second) of Contracts* § 36(c) (1979).

In light of scant authority on the subject, we would be remiss in not calling attention to *Hackett v. Edwards*, 22 Misc. 659, 49 N.Y.S. 609 (N.Y.Sup.Ct.1898), where nearly a century ago the Court considered the question of withdrawing an Offer of Judgment under a New York civil code. The defendant served on plaintiff's counsel an offer. Within 10 days and before same was accepted, the defendant attempted to withdraw. The Court held that the Offer of Judgment was not subject to withdrawal within the 10–day period provided in the code, stating specifically as follows:

> By section 738 of the Code "the defendant may before the trial serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him;" and if, within 10 days, the plaintiff return a written acceptance of the offer, he may enter judgment accordingly. Here is no mere treaty between parties, but a

regulation of procedure, by which, on the one hand, the defendant is afforded an opportunity to escape the costs of litigation and the contingency of a larger judgment against him; while the plaintiff, on the other hand, is enabled to assure himself a recovery for at least some amount. It is a statutory provision, and it reserves no right of retraction to the defendant. On the contrary, 10 days are secured to the plaintiff for acceptance of the offer,—a plain implication that for that period the offer is to stand. If, before the lapse of such time, the defendant may withdraw the offer, then has plaintiff not had the 10 days for acceptance accorded him by the act.... The defendant is under no obligation to make the offer, but, having made it, the law holds him to it until by the expiration of the option allowed the plaintiff for acceptance he is restored to his original rights. (Citations omitted.) Upon any other construction, the statute would become an instrument of trifling and chicane. The right of the defendant, after rejection of one offer, to make another, is no way inconsistent with the conclusion that an offer may not be withdrawn before rejection.

Having considered the views thus expressed, we conclude the appropriate interpretation of the rule is that an Offer of Judgment remains open during the 10 days prescribed in the rule. The circuit court correctly refused to honor appellants' "Notice of Withdrawal of Offer of Judgment." Appellee's acceptance within the 10–day period provided in the rule was valid and judgment was appropriately entered.

For the foregoing reasons, the judgment of the circuit court is affirmed.

All concur.