AMELIA NAVA, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF WASHOE, and THE HONORABLE STEVEN R. KOSACH, District Judge, Respondents, and RUDOLPH BIDASHA, Real Party in Interest.

No. 38346

May 17, 2002

46 P.3d 60

*Georgeson Thompson & Angaran, Chtd.,* Reno, for Petitioner.

*Bradley Drendel & Jeanney* and *Kevin L. Pasquale,* Reno, for Real Party in Interest.

## OPINION

*Per Curiam:*

Petitioner, Amelia Nava, was the defendant in a civil lawsuit brought by the real party in interest, Rudolph Bidasha, which

arose out of an automobile accident wherein Nava, under the influence of alcohol, rear-ended Bidasha's vehicle. As a result of the automobile accident, Bidasha suffered physical injuries, including an injury to his back. Prior to trial, Bidasha's attorney served Nava with an offer of judgment in the amount of $100,000.00. Under NRCP 68 and NRS 17.115, if Nava wished to accept the offer, she was required to accept the offer of judgment within ten days of service. Five days after service, and prior to Nava's acceptance of the offer, however, Bidasha served Nava with a notice withdrawing the offer of judgment. During those five days, Bidasha's attorney learned that Bidasha elected to have back surgery, which he believed would increase Bidasha's damages to more than $100,000.00. Nava ignored Bidasha's notice of withdrawal and accepted the offer of judgment within the ten-day acceptance period. The district court adopted the position of a minority of states and held that offers of judgment are revocable within the ten-day acceptance period. Therefore, it refused to enter judgment pursuant to Nava's acceptance.

Nava now requests extraordinary writ relief and seeks to vacate the district court order denying her motion for entry of judgment pursuant to an accepted offer of judgment and to enter judgment in favor of Bidasha for $100,000.00, pursuant to the provisions of NRCP 68 and NRS 17.115. This petition raises a question of first impression for this court: whether a party can revoke an offer of judgment, made pursuant to NRCP 68 or NRS 17.115, before the ten-day acceptance period expires. We conclude that the offer of judgment is irrevocable during the ten-day period.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious abuse of discretion.[1] Here, we conclude that the district court manifestly abused its discretion in refusing to enter judgment pursuant to an accepted offer of judgment.

NRCP 68 provides, in pertinent part:

> (a) **The Offer.** At any time more than 10 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions.
>
> . . . .

---

[1]*See* NRS 34.160; *see also Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

**(d) Judgment Entered Upon Acceptance.** If within 10 days after the service of the offer, the offeree serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service. The clerk shall enter judgment accordingly. . . .

**(e) Failure to Accept Offer.** If the offer is not accepted within 10 days after service, it shall be considered rejected by the offeree and deemed withdrawn by the offeror. . . .

NRS 17.115 provides, in pertinent part:

1.   At any time more than 10 days before trial, any party may serve upon one or more other parties a written offer to allow judgment to be taken in accordance with the terms and conditions of the offer of judgment.

2.   Except as otherwise provided in subsection 7, if, within 10 days after the date of service of an offer of judgment, the party to whom the offer was made serves written notice that the offer is accepted, the party who made the offer or the party who accepted the offer may file the offer, the notice of acceptance and proof of service with the clerk. . . .

3.   If the offer of judgment is not accepted pursuant to subsection 2 within 10 days after the date of service, the offer shall be deemed rejected by the party to whom it was made and withdrawn by the party who made it. . . .

We conclude that an offer of judgment pursuant to NRCP 68 and NRS 17.115 is irrevocable during the ten-day period.[2] The rule and statute clearly state that the offeree of an offer of judgment has ten days in which to accept the offer. There is no provision for withdrawal before the ten days have expired.

Furthermore, the public policy behind NRCP 68 and NRS 17.115 supports the position that an offer of judgment should be irrevocable during the ten-day acceptance period. The ten-day acceptance period is designed to give the offeree the time to carefully consider the likely value of pursuing a claim in light of the offer of judgment.[3] NRCP 68(f) and NRS 17.115(4) set forth applicable penalties if the offeree rejects an offer and fails to

---

[2]Bidasha's remedy in this case would be to file an NRCP 60(b) motion with the district court. NRCP 60(b) provides that ''[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.'' The district court can then evaluate his claims.

[3]*Cf. Richardson v. National Railroad Passenger Corp.,* 49 F.3d 760, 765 (D.C. Cir. 1995) (potentially costly consequences of rejecting an offer of judgment make a party carefully consider the offer as compared to the claim); *Shelton v. Sloan,* 977 P.2d 1012, 1017 (N.M. Ct. App. 1999).

obtain a more favorable judgment at trial. Considering the serious consequences, the offeree is entitled not to be rushed into a hasty decision. Also, the majority of jurisdictions with rules and statutes similar to NRCP 68 and NRS 17.115 have held that an offer of judgment is irrevocable during the ten-day acceptance period.[4]

For the foregoing reasons, we grant the petition. Accordingly, we direct the clerk of this court to issue a writ of mandamus compelling the district court to vacate its order denying the motion for entry of judgment and ordering the district court to enter judgment in favor of Bidasha, and against Nava, in the amount of $100,000.00. This amount includes any and all applicable prejudgment interest, attorney fees, and costs, pursuant to the provisions of NRCP 68 and NRS 17.115, and pursuant to the Notice of Acceptance of Offer of Judgment, filed March 7, 2001.

---

[4]*See, e.g., Mapco Exp., Inc. v. Faulk,* 24 P.3d 531, 542 & n.34 (Alaska 2001); *Mubi v. Broomfield,* 492 P.2d 700, 702 (Ariz. 1972); *Smith v. Kentucky State Fair Bd.,* 816 S.W.2d 911, 912-13 (Ky. Ct. App. 1991); *Shelton,* 977 P.2d at 1013; *Hernandez v. United Supermarkets of Okl.,* 882 P.2d 84, 88 (Okla. Ct. App. 1994); *Dussault v. Seattle Public Schools,* 850 P.2d 581, 584 (Wash. Ct. App. 1993).