RENDERED:  SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000123-MR

HELEN COLEMAN, JACKLYN
ROBERTS, AND ANGELA
COLEMAN                                                                          APPELLANTS


|          | APPEAL FROM GREEN CIRCUIT COURT |
|----------|--------------------------------------|
| v.       | HONORABLE ALLAN RAY BERTRAM, JUDGE |
|          | ACTION NO. 18-CI-00023 |


TERESA RUTLEDGE,
INDIVIDUALLY AND AS
EXECUTRIX OF THE ESTATE
OF ALBERTA JOHNSON,
DECEASED                                                                          APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  This case requires us to determine if an untimely,

unaccepted offer of judgment made pursuant to Kentucky Rule of Civil Procedure

(CR) 68 is valid. For the following reasons, we conclude an untimely offer of judgment is a nullity. We also conclude the trial court here erred by issuing a judgment finding the case to be moot without first affording Appellants an opportunity to be heard. Accordingly, we vacate and remand.

This intra-family dispute between four sisters involves the validity of a holographic will allegedly executed by Alberta Johnson. Appellants Helen Coleman, Jacklyn Roberts, and Angela Coleman all contend the holographic will is a forgery; Appellee Teresa Rutledge, in her individual capacity and as executrix of Johnson's estate,[1] contends the will is valid. After the disputed will was probated by the Green District Court, Appellants filed this will contest action in the Green Circuit Court in February 2018, where it was eventually set for a trial beginning on August 29, 2018.

On August 20, 2018, nine days before the scheduled trial, Rutledge, via counsel, sent an offer of judgment to Appellants which stated that Rutledge was willing "to allow Judgment to be entered in this action setting aside the will of Alberta Johnson dated August 11, 2017." The offer explained it was made because, among other reasons, Johnson's estate was "virtually insolvent . . . ." However, the offer stated it "is strictly not to be construed as either an admission

---

[1] For simplicity's sake, we shall use Rutledge when referring to Teresa Rutledge in both her individual and executrix capacities.

that the holographic Will previously probated was invalid, or that the Plaintiffs have suffered any damage[s]."

On August 27, 2018, only seven days after serving the offer of judgment, Rutledge filed a motion to enter judgment which asked the trial court to "enter judgment in favor of Plaintiff[s] setting aside the contested will" even though they "have refused to accept said offer [of judgment] and desire a trial on the merits of this uncontested action." In essence, the motion was for reverse summary judgment against the moving parties. The very next day, without Appellants having filed a response, the trial court granted Rutledge's motion. Without citing any authority, the court concluded the offer of judgment "resolves the issues pled herein." Thus, the court cancelled the trial and ordered Rutledge to "withdraw the contested will . . . ." In December 2018, the trial court denied Appellants' request for additional findings and their CR 59.05 motion to vacate the judgment. This appeal followed.[2]

We begin our analysis by relating the relevant language of CR 68(1):

_____

[2] Although it also lists the date of the judgment, Appellants' notice of appeal states that this appeal stems from the trial court's order denying their CR 59.05 motion to alter, amend, or vacate. However, we "do not have jurisdiction over the trial court's denial of a CR 59.05 motion" since such an order is interlocutory. *Ford v. Ford*, 578 S.W.3d 356, 365 (Ky.App. 2019). When a party "erroneously designates" an order denying its CR 59.05 motion in its notice of appeal, "we utilize a substantial compliance analysis and consider the appeal properly taken from the final judgment that was the subject of the CR 59.05 motion." *Id.* at 366 (internal quotation marks, emphasis, and citation omitted).

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property, or to the effect specified in his offer, with costs then accrued . . . . If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance, together with the proof of service thereof, and thereupon judgment shall be rendered accordingly . . . .

Although the rule is written in somewhat stilted language, it is inescapable that an offer of judgment must be made more than ten days (*i.e.*, at least eleven days) prior to the beginning of a trial since "'more than ten' cannot be 'less than eleven.'" *U.S. ex rel. Silva's Excavation, Inc. v. Jim Cooley Const., Inc.*, 572 F. Supp. 2d 1276, 1280 n.2 (D.N.M. 2008). Thus, Rutledge's offer of judgment was plainly untimely. The parties have not cited, nor have we independently located, Kentucky precedent determining the efficacy of a tardy CR 68 offer of judgment. We thus look at how federal courts have construed Federal Rule of Civil Procedure (Fed. R. Civ. P.) 68, upon which CR 68 was modeled.[3] *Smith v. Kentucky State Fair Bd.*, 816 S.W.2d 911, 912-13 (Ky.App. 1991).

---

[3] Fed. R. Civ. P. 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

The purpose of CR 68 is to help the parties reach settlements. But CR 68(1) makes plain that plaintiff(s) have ten days after an offer is served to accept it—in fact, an offer of judgment under CR 68 cannot be withdrawn within that ten-day period. *Smith*, 816 S.W.2d at 912-13. Here, because the offer of judgment was served only nine days prior to trial, Appellants could have theoretically accepted the offer—if it was valid—after the conclusion of the first day of the trial. The utility of CR 68 as a pretrial settlement tool would be destroyed by permitting a plaintiff to assess an offer of judgment in light of how favorably it believed a trial was progressing. *See*, *e.g.*, *Polk v. Montgomery County, Md.*, 130 F.R.D. 40, 42 (D. Md. 1990) ("The party being served under the Rule therefore has a full 10 days to decide whether to accept or reject the offer. However, this provision would be rendered meaningless if, because of the serving party's failure to provide timely service of the offer, the case were to come on for trial before the expiration of the 10 day acceptance period."); *Greenwood v. Stevenson*, 88 F.R.D. 225, 228-29 (D.R.I. 1980) (holding that "[t]o permit a binding offer of judgment to remain open during those critical days of trial would be to give the offeree an overwhelming tactical advantage. If, for example, an offer is made four days before actual trial, the recipient has six days to watch how the case is unfolding and weigh the probabilities. If the trial is going well, the offer can simply be ignored; if things begin to look grim, the offeree can decide to go with the sure thing, even though

the defendant now realizes that he probably would have escaped with a lower liability, or even with none at all.  Entering into a settlement at any stage of a case is necessarily a gamble for both sides; locking one side into a settlement offer while the other side assesses the ongoing trial is, purely and simply, stacking the deck.").

To avoid such problems, federal courts have tended to be "fairly strict" in interpreting Fed. R. Civ. P. 68's time limits.  *Greenwood*, 88 F.R.D. at 227 (citations omitted).  *See also* 21A Fed. Proc., L. Ed. § 51:33 (Jun. 2020) (noting that the time limits in Fed. R. Civ. P. 68 have been "strictly construed").  Consequently, an untimely offer of judgment under Fed. R. Civ. P. 68 is deemed "ineffective . . . ."  12 Fed. Prac. & Proc. Civ. § 3003 (3d ed. 2020).  *Accord Polk*, 130 F.R.D. at 42 (holding that a defendant could not enforce an untimely Fed. R. Civ. P. 68 offer of judgment).  We find these authorities persuasive and agree that an untimely offer of judgment under CR 68 is ineffective, which in practical terms means Rutledge's offer of judgment was a nullity.

That does not resolve the issues here, however, since the trial court used that null offer of judgment to conclude the issues in this case had been resolved.  Presumably, though the order of dismissal does not explicitly say so, the court concluded the offer of judgment satisfied all of Appellants' demands and,

thus, rendered the case moot. We have not found, nor have the parties cited, Kentucky precedent addressing a similar situation.

Section 112(5) of the Kentucky Constitution gives circuit courts jurisdiction over "all justiciable causes not vested in some other court." Though it "evad[es] precise definition, the question of justiciability focuses on whether there is a live controversy for the court to decide." *Berger Family Real Estate, LLC v. City of Covington*, 464 S.W.3d 160, 166 (Ky.App. 2015) (internal quotation marks and citation omitted). Mootness can render a case non-justiciable as it is among the five "major justiciability doctrines . . . ." *Commonwealth, Cabinet for Health and Family Services, Department for Medicaid Services v. Sexton by and through Appalachian Regional Healthcare, Inc.*, 566 S.W.3d 185, 193 (Ky. 2018), *cert. denied*, ___U.S. ___, 140 S. Ct. 448, 205 L. Ed. 2d 252 (2019). In plain English, a moot case is not justiciable. *See* 1A C.J.S. *Actions* § 75 (Jun. 2020) (footnote omitted) (stating that "[m]ootness is a question of justiciability").

However, a case should not be lightly dismissed as moot, especially against the wishes of a party. And a court must tread especially carefully before concluding an unaccepted offer of judgment has mooted a case. Indeed, though rendered in the context of a class action, the United States Supreme Court has held that an unaccepted Fed. R. Civ. P. 68 offer of judgment—"however good the terms"—does not moot a case. *Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136

S. Ct. 663, 670, 193 L. Ed. 2d 571 (2016) (quoting from and adopting Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013)).

However, at least in limited circumstances, a court may make a plaintiff involuntarily take yes for an answer. As Justice Kagan's dissent in *Genesis Healthcare Corp.* recognized, "[t]o be sure, a court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Genesis Healthcare Corp.*, 569 U.S. at 85, 133 S. Ct. at 1536 (Kagan, J., dissenting). *See also* 1A C.J.S. *Actions* § 76 (Jun. 2020) ("Once a defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and no controversy to resolve, and [the] action must be dismissed."); 13B Fed. Prac. & Proc. Juris. § 3533.2 (3d ed. 2020) (explaining that "an offer to settle for all the relief the plaintiff might win by judgment may moot the action").

Indeed, that rationale aligns roughly with Kentucky precedent, albeit rendered outside the CR 68 context, holding that a case becomes moot if a plaintiff "has already received the relief it sought . . . ." *Commonwealth, Kentucky Bd. of Nursing v. Sullivan University System, Inc.*, 433 S.W.3d 341, 344 (Ky. 2014). After all, it makes no practical sense to expend scarce judicial resources on

adjudicating a case if a defendant's *complete* capitulation left *nothing* remaining at stake. If a plaintiff cannot possibly gain *anything* at trial beyond what a defendant has already offered, holding a trial would be a functionally useless exercise.

But before a case can be deemed moot, the court must afford the parties a chance to be heard. Here, the trial court hastily granted Rutledge's motion for judgment the day after it was filed. Our Rules of Civil Procedure generally provide that a party opposing a motion has a right to respond before the court issues its decision. *See*, *e.g.*, CR 6.04(1) (stating in relevant part that a written motion "shall be served a reasonable time before the time specified for the hearing"); CR 56.03 (stating in relevant part that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing").[4] Indeed, we have held that "[t]he hallmark of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner. That is, notice and an opportunity to be heard." *Harrison Silvergrove Property, LLC v. Campbell County and Municipal Board of Adjustment*, 492 S.W.3d 908, 915 (Ky.App. 2016)

---

[4] At the hearing on the motion to alter, amend, or vacate, Rutledge's counsel referred to the judgment at issue as having been summary judgment, even though the judgment does not refer to itself as such. "The requirement that a party be given ten days to respond to a motion for summary judgment is mandatory, unless waived." *Brock v. Pilot Corp.*, 234 S.W.3d 381, 383 (Ky.App. 2007) (internal quotation marks and citation omitted). Appellants did not waive the time limits, nor could they have easily done so given the hastiness of the trial court's ruling.

(internal quotation marks and citations omitted). In short, the trial court erred by ruling without first affording Appellants time to respond.[5]

We cannot deem the preemptory ruling a harmless error because it is unclear whether Rutledge *completely* capitulated to Appellants' claims. Rutledge's terse motion asserted that nothing justiciable remained of Appellants' claims because "[t]his action is a will contest" and "the only Defendant has agreed to set aside the will." But Appellants contend all their demands were not satisfied because no relevant documents (the offer of judgment, the motion for reverse summary judgment, or the court's judgment) state that the contested will is invalid. In fact, Appellants' complaint asked the court to declare the will invalid.

The will, though not a paradigm of clarity, seems to designate Rutledge as the residuary legatee. As such, Rutledge allegedly took some actions with which Appellants disagree, such as having timber cut and taking antiques which belonged to Johnson and were not specifically mentioned in her will. As we construe it, Appellants seek a formal declaration that the will is invalid to show

---

[5] Appellants filed a CR 59.05 motion to alter, amend, or vacate the judgment. That motion did permit Appellants to raise some of their objections to the judgment, but it did not obviate all the prejudice to Appellants stemming from the trial court's entering judgment without first permitting them to respond. For example, as the party seeking relief, Rutledge bore the burden of proof on her motion to enter judgment. *Qaisi v. Alaeddin*, 580 S.W.3d 891, 893 (Ky.App. 2019) (holding that a party seeking relief generally bears the burden of proof). *See also* 1A C.J.S. *Actions* § 75 ("The burden of establishing mootness rests with [the] party asserting a case is moot."). But Appellants, as the moving party, bore the burden of proof to show an entitlement to post-judgment relief pursuant to CR 59.05. In short, filing a CR 59.05 motion after a ruling is not the same as having an opportunity to be heard prior to a ruling.

-10-

conclusively that Rutledge's actions were improper, which would perhaps not be unmistakably shown if the will were merely "withdrawn," as the trial court ordered it to be. Rutledge, on the other hand, contends the judgment had the practical effect of ruling that Johnson died intestate (though the order does not so state), so Appellants could raise in the probate court their concerns over the propriety of Rutledge's handling of the estate's assets. However, Rutledge must believe there is an important difference between withdrawing a will and declaring it invalid as her offer of judgment specifically stated that it did not include an admission that the will is invalid, and her counsel adamantly declined to state that the will was invalid during the oral argument on Appellants' CR 59.05 motion.

The determination of whether a case is moot has been held to present a question of law. *See*, *e.g.*, *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 928-29 (7th Cir. 2003). But, generally, basic fairness dictates that a trial court allow the parties a full opportunity to present their factual and legal arguments before declaring a case moot. Perhaps Rutledge has offered Appellants absolutely everything they sought (which is necessary to conclude the case is moot). Perhaps not. The parties' briefs do not make the correct answer to that question unmistakably plain, nor do the trial court's terse judgment or order denying the CR 59.05 motion. The parties disagree, and since the answer to that disagreement is not readily deducible from the record, the trial

-11-

court, not us, must first resolve it. "It is well established that we are a court of review." *Williams v. Commonwealth*, 462 S.W.3d 407, 409 (Ky. App. 2015).

On remand, the court must permit Appellants to file a response to Rutledge's motion for reverse summary judgment. In its discretion, the trial court may also then conduct a hearing, at which it may choose to permit the parties to present live testimony. After the matter has been fully, properly fleshed out, the court must determine afresh if the case is moot, using the principles set forth herein.

For the foregoing reasons, the judgment of the Green Circuit Court is vacated, and this matter is remanded for further proceedings consistent with this opinion.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Rodger G. Cox
Campbellsville, Kentucky

BRIEF FOR APPELLEES:

John David Henderson
Greensburg, Kentucky