(19 App. Div. 581.)

## McVICAR v. KEATING.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

OFFER OF JUDGMENT—WITHDRAWAL.
    Where defendant served an offer of judgment, he cannot, within the 10 days given by Code Civ. Proc. § 738, for the service of a notice of acceptance, withdraw the same.

Appeal from city court of Yonkers.

Action by Thomas McVicar against Norah Keating. From an order denying a motion to prevent the plaintiff from taxing costs and entering judgment on an offer of judgment served by the defendant, she appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. X. Donoghue, for appellant.
John H. Ferguson, for respondent.

GOODRICH, P. J. The plaintiff sued on a contract for work and labor, $176.81, and interest from November 13, 1894. The defendant answered, setting up a defense and counterclaim, and at the same time served an offer of judgment for $120 and interest from November 13, 1884, and costs. There was an evident mistake of the date from which interest was to run, and, when the plaintiff's attorney called the attention of the defendant's attorney to it, it was agreed between them that the error should be deemed corrected. Four days after the service of the offer, the defendant's attorney served notice of its withdrawal, and claims to have done so because his client had only intended to authorize him to offer a gross sum of $120, intending therein to include claim, interest, and costs. The plaintiff's attorney

disregarded the withdrawal, and, within the 10 days which the Code of Civil Procedure (section 738) gives to accept an offer, served notice of acceptance of the same, whereupon the defendant obtained an order requiring the plaintiff to show cause why he should not be prevented from taxing costs and entering judgment; and the court entered an order denying the motion, from which the defendant appeals.

The defendant's counsel contends that such an offer is governed by the same rule which controls an offer in the nature of a proposal for a contract, which may be withdrawn at any time before acceptance. Stove Co. v. Holbrook, 101 N. Y. 45, 4 N. E. 4. We are of opinion that the defendant could not, as a matter of right, withdraw her offer of judgment in the action within the 10 days which the Code gives the plaintiff to act upon it. It is true that the offer of judgment and acceptance, when served, constitute a contract between the parties, which the court cannot set aside upon motion. Stilwell v. Stilwell, 81 Hun, 392, 30 N. Y. Supp. 961. And it is also true that ordinarily an offer of a proposed contract, made by one party, can be withdrawn at any time before acceptance. Stove Co. v. Holbrook, supra. But an offer like this stands upon a different basis. The Code expressly allows the plaintiff 10 days to consider the offer. It is therefore in the nature of an option given by one party to another to exercise within a definite period, which, if given for a consideration, cannot be withdrawn until the end of the period prescribed for exercising the option. Here the consideration for the option is ample. It is given under the provision of the Code which enables a defendant, by making such an offer, to avoid liability for any costs that may accrue subsequently, provided the plaintiff's recovery does not exceed the amount offered. We agree with the opinion of Mr. Justice Van Brunt in Eagan v. Moore, 2 Civ. Proc. R. 300, that in a proper case— as, for instance, in cases of a mistake—the court might allow a party to amend his offer of judgment; and, as a result of that doctrine, it follows that, in a proper case, he could also be allowed to withdraw it. The facts attending the offer of judgment in the case before us are the subject of conflicting affidavits by the parties. The city judge of Yonkers on these affidavits determined the facts to be such that the plaintiff should not be prevented from entering judgment, and the discretion of that court we cannot review.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.