Alfred R. Page, for the motion.

Parsons, Shepard & Ogden, opposed.

GAYNOR, J. The wife is given the entire estate while she "lives and remains unmarried," to support herself and the children, and at her death to leave the "residue" to the children. She is not given the fee; but this direction as to the residue makes clear her power to consume the principal. The meaning therefore is that the estate is given to her for life, with power to consume the principal, but such estate and power to cease upon her remarrying. Meanwhile, however, the power to consume continues, and under it she may mortgage or sell. Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726; Rose v. Hatch, 125 N. Y. 428, 26 N. E. 467. This mortgage having been made by her during widowhood, it therefore covered the fee.

Motion granted.

---

## HACKETT v. EDWARDS et al.

(Supreme Court, Special Term, New York County. February, 1898.)

TRIAL—OFFER OF JUDGMENT—RIGHT TO WITHDRAW.

> Under Code Civ. Proc. § 738, providing that defendant may, before the trial, serve on plaintiff's attorney a written offer to allow a specified judgment to be taken against him, and if, within 10 days, plaintiff return a written acceptance of the offer, he may enter judgment accordingly, plaintiff's option cannot be defeated by a withdrawal of the offer during the 10 days, though yet unaccepted.

Action by James A. Hackett against Edwards, Merrill & Co. Defendants' offer to allow judgment to be entered against them was accepted by plaintiff after defendants had endeavored to withdraw it, and defendants move to set aside the judgment entered on it. Denied.

G. Washbourne Smith, for plaintiff.

Philip Carpenter, for defendants.

PRYOR, J. In an action for damages for a personal injury to an infant, the defendant, on the 2d of February, served on plaintiff's attorney an offer of judgment for $500 and costs. On the 8th of February, about 2 o'clock in the afternoon, plaintiff's attorney obtained an order of court authorizing the infant's guardian ad litem to accept the offer. About 3 o'clock of the same afternoon defendant's attorney sent to plaintiff's attorney a "notice of the withdrawal of the offer of judgment," which notice plaintiff's attorney promptly returned, with a denial of defendant's right to retract the offer. Thereafter, on the same afternoon, plaintiff's attorney served on defendant's attorney notice of acceptance of the offer, and immediately entered judgment for the amount of the offer. The defendant moved to set aside the judgment, and the question is, was it open to it to withdraw the offer?

It is the rule, in the negotiation of contracts, that until acceptance an offer is revocable, for the reason that until the minds of the parties have met there is no binding agreement, and if there be no agreement they are equally free from obligation. By section 738 of the Code

49 N.Y.S.—39

"the defendant may before the trial serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him;" and if, within 10 days, the plaintiff return a written acceptance of the offer, he may enter judgment accordingly.   Here is no mere treaty between parties, but a regulation of procedure, by which, on the one hand, the defendant is afforded an opportunity to escape the costs of litigation and the contingency of a larger judgment against him; while the plaintiff, on the other, is enabled to assure himself a recovery for at least some amount.   It is a statutory provision, and it reserves no right of retraction to the defendant.   On the contrary, 10 days are secured to the plaintiff for acceptance of the offer,—a plain implication that for that period the offer is to stand.   If, before the lapse of such time, the defendant may withdraw the offer, then has plaintiff not had the 10 days for acceptance accorded him by the act.   If we apply the canon "noscitur a sociis" in the interpretation of the provision, its intent is clear.   Obviously, the tender authorized by sections 731–734 is irrevocable.   So of the admission of the genuineness of a paper pursuant to section 735.   The offers to liquidate damages and to compromise in the succeeding sections are no less incapable of recall.   The defendant is under no obligation to make the offer, but, having made it, the law holds him to it until by the expiration of the option allowed the plaintiff for acceptance he is restored to his original rights.   McVicar v. Keating, 19 App. Div. 581, 46 N. Y. Supp. 298; Walker v. Johnson, 8 How. Prac. 240.   Upon any other construction, the statute would become an instrument of trifling and chicane.   The right of the defendant, after rejection of one offer, to make another, is no way inconsistent with the conclusion that an offer may not be withdrawn before rejection.

Motion denied, with costs.