UNITED STATES TRUST CO. v. HODGSON.

(Supreme Court, Appellate Term.   December 28, 1899.)

PLEADING—OFFER OF JUDGMENT—COUNTERCLAIM.
  Defendant made an offer of judgment, and later, within the 10 days allowed plaintiff by Code Civ. Proc. § 738, in which to accept, filed a counterclaim. Within the 10 days, plaintiff accepted the offer, and had judgment entered thereon. *Held*, that defendant was not entitled to any adjudication of the issues presented by the counterclaim; Code Civ. Proc. § 974, providing that when a defendant interposes a counterclaim, and demands an affirmative judgment against plaintiff, the mode of trial of an issue of fact arising thereon shall be the same as if it arose in an action brought by defendant against plaintiff for the cause of action named in the counterclaim, not being applicable.

Appeal from city court of New York, general term.

  Action by the United States Trust Company, trustee, against John M. Hodgson.  Defendant appeals from an order of the general term of the city court (58 N. Y. Supp. 1132), reversing an order of the special term directing a judgment entered by the plaintiff to be vacated, and allowing defendant judgment on a counterclaim.  Affirmed.

  Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

  Joseph A. Arnold, for appellant.
  Rollins & Rollins, for respondent.

  FREEDMAN, P. J.   This action was brought to recover the sum of $109.10, claimed by the plaintiff to be due from the defendant, being the amount of water rates assessed against certain premises occupied by the defendant under a lease in which he covenanted to pay such assessments.   The summons and complaint in the action were served upon the defendant, who on February 6, 1899, served an offer to allow a judgment to be taken against him for the sum of $96.75 and interest and costs.   On February 10, 1899, four days after service of the defendant's offer to allow judgment to be taken against him, the defendant served an answer setting up therein a counterclaim for the sum of $12.35.   On February 15, 1899, and within the 10 days allowed the plaintiff by the Code of Civil Procedure (section 738), in which to accept such offer, the plaintiff's attorney served upon the defendant's attorney a notice of the acceptance of such offer, and on the next day entered a judgment for the amount named in the offer, with costs.   On February 17, 1899, the defendant obtained an order to show cause at a special term of the city court why the judgment should not be vacated, and the defendant should not have a judgment upon his counterclaim.   Upon the hearing the special term made an .order vacating the judgment of the plaintiff entered upon the order aforesaid, and directed that the defendant should have judgment upon his counterclaim unless the plaintiff would consent to reduce the judgment obtained by him by the amount of the defendant's counterclaim, in which event the judgment as modified might stand.   The plaintiff thereupon appealed to the general term of the city.court, which reversed the

order of the special term and affirmed the judgment, and from the last order the defendant appeals to this court.

The claim made by the appellant herein is that, having served an answer setting up a counterclaim, he was entitled to have that counterclaim adjudicated, notwithstanding the offer of judgment was made and accepted within the 10 days provided by the Code. "An offer of judgment, made in an action by the defendant under section 738 of the Code of Civil Procedure, cannot be retracted upon the same day, as the statute gives the plaintiff 10 days in which to consider the offer, which during that time is irrevocable." Hackett v. Edwards, 22 Misc. Rep. 659, 49 N. Y. Supp. 609; McVicar v. Keating, 19 App. Div. 581, 46 N. Y. Supp. 298. And it has been held that "the effect of an offer of judgment must be determined by the state of the pleadings when it is served." Tompkins v. Ives, 3 Abb. Prac. (N. S.) 267. While, therefore, the offer does not necessarily extinguish a counterclaim set up in an answer interposed during the 10 days in which the plaintiff has to accept such offer, it does not follow that if the plaintiff duly accepts such offer the counterclaim must nevertheless be tried in the same action.

Section 974 of the Code of Civil Procedure, upon which the appellant relies to sustain his position, provides that:

"Where the defendant interposes a counterclaim and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon, is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim, and demanding the same judgment."

This section seems to have reference only to the mode of trial in those cases where a counterclaim has been interposed, and an issue of fact "arising thereupon," and not to a case like the one at bar, where an offer of judgment has been accepted within the time allowed by law, during which time the defendant cannot withdraw the offer, nor do anything whereby the right of the plaintiff to accept the same can be abridged or modified, or the status of the case in any way altered.

In Tompkins v. Ives, 36 N. Y. 76, it was said:

"The import and effect of the offer must be determined by the condition of the pleadings at the time it was made. * * * The intermediate pleading was, in its nature, provisional."

And in Stilwell v. Stilwell, 81 Hun, 394, 30 N. Y. Supp. 962, it was held that:

"The offer and acceptance constituted a contract which the court could not set aside on motion. It was equally powerless to order or frame an amendment that would operate to change the contract without the consent of both parties."

In the case at bar, the answer containing the counterclaim having been served after the offer of judgment, and within the 10 days allowed the plaintiff in which to accept the same, and he having accepted it within that time, and entered judgment thereon, while the counterclaim might not have been extinguished thereby, neither was there an issue of fact arising thereon requiring an adjudication in that action, and the action was terminated by the entry of the judgment upon the offer made; and the defendant must

resort to a separate action to enforce his claim against the plaintiff, if it should be determined that for any reason he is not precluded thereby. The order of the general term of the city court must be affirmed.

Order of the general term of the city court affirmed, with costs to respondent. All concur.