Kaitlyn Alexis McGINNIS, et al.

v.

Aubie L. COX, et al.

Court of Appeals of Tennessee, at Nashville.

Sept. 17, 2014 Session.

Oct. 31, 2014.

Application for Permission to Appeal Denied by Supreme Court Feb. 12, 2015.

Joshua G. Offutt and J. Ross Hutchison, Nashville, Tennessee, for the appellants, Kaitlyn Alexis McGinnis, b/n/f, Chad McGinnis and Chad McGinnis.

Jay R. McLemore, Brentwood, Tennessee, for the appellees, Aubie L. Cox, Rodney Cox, and Haley Cox.

## OPINION

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which JOHN W. McCLARTY, J., and BRANDON O. GIBSON, J., joined.

Plaintiffs presented Defendants with an offer of judgment pursuant to Rule 68 of the Tennessee Rules of Civil Procedure. Prior to Defendants' acceptance, Plaintiffs attempted to rescind the offer. Defendants nevertheless accepted the offer within the time allowed by Rule 68 and at-tempted to enforce the offer of judgment. The trial court concluded that Plaintiffs were not entitled to revoke the offer of judgment and entered an order granting the motion to enforce the judgment. We affirm and remand.

## Background

On December 7, 2012, Plaintiffs/Appel-lants Kaitlyn Alexis McGinnis, b/n/f Chad McGinnis, and Chad McGinnis, individually (together, "Appellants") filed a complaint for damages against the. Defendants/Ap-pellees Aubie L. Cox, Rodney Cox, and Haley Cox ("Appellees") regarding injuries sustained in an automobile accident. No answer to the complaint was ever filed. Thereafter, on or around March 8, 2013, Appellants extended an offer of judgment in the amount of $784,641.55 or the policy limits of the applicable insurance policy to Appellees. The offer of judgment specifi-cally referenced that it was made pursuant to Rule 68 of the Tennessee Rules of Civil Procedure, and there is no dispute that the offer constituted a valid offer of judgment governed by Rule 68.

The offer of judgment tracked the lan-guage of Rule 68 and was conditioned upon acceptance within ten days after service, providing that "at the expiration of which ten (10) days the Offer [would be] with-drawn." Although the certificate of ser-vice indicated that it was served on March 8, 2013, the mailing envelope was not post-marked until March 12, 2013. Appellees' counsel received the offer on March 13, 2013. There is no dispute that the parties' counsel spoke on March 15, 2013, and agreed to forgo the deadline due to the mailing issues. That afternoon, however, Appellants' counsel notified the Appellees' counsel, via facsimile, that the offer of judgment was revoked. The Appellants also filed a "Notice of Withdrawal of Offer of Judgment" in the trial court on March

15, 2013. It is undisputed that the basis of the revocation was that Mr. McGinnis "changed his mind" and wished to proceed to trial.

After receiving the revocation, however, Appellees replied by facsimile that they accepted the offer of judgment, in the amount of the policy limits of $100,000.00.[1] The written notice to Appellants' counsel purportedly accepting the offer of judgment also occurred on March 15, 2013, well-within ten days of both the date on the certificate of service and the date the offer was received by Appellees.

On March 18, 2013, Appellees filed a notice of acceptance of the offer in the trial court. On June 14, 2013, the Appellees filed a Motion to Enforce the Offer of Judgment, arguing that the Appellants were not entitled to revoke the offer of judgment. The Appellants objected to the offer of judgment's enforcement. The trial court granted the motion to enforce the offer of judgment on December 5, 2013, finding that the Appellants were not entitled to revoke their offer of judgment prior to the expiration of the ten-day period, as to do so would "render the Rule largely meaningless and undermine its utility." The Appellants filed a timely notice of appeal.

## Issue Presented

This case involves only a single issue: Whether a Rule 68 offer of judgment may be revoked by the offeror within the ten-day time period for acceptance on the basis that the offeror "changed his mind"?

This is an issue of first impression in our Court. However, because the clear weight of authority among our Sister States and in the federal courts supports the conclu-

sion that a Rule 68 offer of acceptance generally may not be revoked within the time allowed for acceptance pursuant to the Rule, we likewise hold that the revocation in this case was not effective, and that the Appellees timely and properly accepted the offer of judgment within the time allowed by Rule 68.

## Standard of Review

■ As previously discussed, there is no dispute that the offer in this case is governed by Rule 68 of the Tennessee Rules of Civil Procedure. Accordingly, the issue in this case requires us to interpret a rule of civil procedure. Our Supreme Court has indicated that when interpreting a rule of civil procedure, we must apply "the same principles of statutory construction and the same standard of review," as required when interpreting a statute. *In re Baby,* 447 S.W.3d 807, 818 (Tenn.2014) (citing *Lind v. Beaman Dodge, Inc.,* 356 S.W.3d 889, 895 (Tenn.2011)). Thus, we review the trial court's conclusions de novo, with no presumption of correctness. *State v. Edmondson,* 231 S.W.3d 925, 927 (Tenn.2007). According to the Tennessee Supreme Court:

> When interpreting statutes [and rules], our primary function is to carry out legislative intent without broadening the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.,* 90 S.W.3d 676, 678 (Tenn.2002). When a statute is clear, courts simply apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn.2004). "When a statute [or rule] is ambiguous, however, we may reference the broader statutory scheme, the history of the legislation, or other sources." *Colonial*

---

1. The Appellees asserted that of the $100,000.00 policy limit, $2,000.00 had already been paid for medical-related expenses.

*Pipeline Co. v. Morgan,* 263 S.W.3d 827, 836 (Tenn.2008). We must presume that every word in a statute has meaning and purpose and should be given full effect so long as the obvious intention of the General Assembly is not violated by doing so. *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn.2005) (quoting *Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193, 196 (1968)). "[A] construction which places one statute in conflict with another is to be avoided, and we must endeavor to resolve any possible conflict between statutes in favor of each other in order to provide a harmonious operation of laws." *Lovlace v. Copley,* 418 S.W.3d 1, 20 (Tenn.2013) (*Graham v. Caples,* 325 S.W.3d 578, 582 (Tenn. 2010)).

*In re Baby,* 2014 WL 4815211, at \*6.

### Analysis

We begin with the language of Rule 68 of the Tennessee Rules of Civil Procedure:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property, or to the effect specified in the offer, with costs then accrued. Likewise a party prosecuting a claim may serve upon the adverse party an offer to allow judgment to be taken against that adverse party for the money or property or to the effect specified in the offer with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer and notice of acceptance, together with proof of service thereof, with the court and thereupon judgment shall be rendered accordingly. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all costs accruing after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

Nothing in the express language above directly concerns the revocability of a Rule 68 offer of judgment within the ten-day period for acceptance. Appellants argue that because the plain language of Rule 68 does not contain a non-revocation clause, a Rule 68 offer of judgment is revocable pursuant to traditional contract principles. In contrast, the Appellees argue that because the language of Rule 68 does not provide for revocation of an offer of judgment within the ten-day period, revocation is not permitted. A statute or rule is ambiguous if it is "susceptible of more than one reasonable interpretation." *Memphis Hous. Auth. v. Thompson,* 38 S.W.3d 504, 512 (Tenn.2001) (citing *Carter v. State,* 952 S.W.2d 417, 419 (Tenn.1997)). In this case, because the plain language of Rule 68 does not indicate whether a Rule 68 offer of judgment is revocable or non-revocable, we conclude that Rule 68 is ambiguous in this regard. *C.f. Sonnenburg v. Grohskopf,* 144 Wis.2d 62, 422 N.W.2d 925, 926–27 (Wis.Ct.App.1988) (concluding that Wisconsin's offer of judgment statute was ambiguous with regard to whether an offer could be revoked prior to acceptance). When a statute is determined to be ambiguous, the court may then "consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme." *Mills v. Fulmarque, Inc.,* 360 S.W.3d 362, 368 (Tenn.2012) (citing *Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 527–28 (Tenn.

2010)). Accordingly, we turn to consider other sources to illuminate this issue.

■ Appellants first argue that Rule 68 should be governed by traditional contract principles, which maintain that an offer not supported by consideration may be revoked at any time prior to acceptance. Indeed, "[i]t is elementary contract law that an offer not supported by consideration may be revoked at any time prior to its acceptance." *State v. Turner*, 713 S.W.2d 327, 330 (Tenn.Crim.App.1986); *see also Mason v. Capitol Records, Inc.*, No. 01A01–9807–CH–00389, 1999 WL 976614, at *5 (Tenn.Ct.App.1999) (citing *Coate v. Tigrett*, 4 Tenn.App. 48, 53 (1926)) ("So long as the offer has been neither accepted nor rejected, the negotiations remain open and impose no obligation on either party. The one may decline to accept or the other may withdraw his offer; as either rejection or withdrawal leaves the matter as if no offer had ever been made."). There is no dispute that the Appellants' offer was not supported by traditional consideration in this case. Thus, the Appellants' argue that they properly revoked their offer of judgment pursuant to contract principles and the trial court erred in enforcing it.

To support their argument that an offer of judgment is governed by contract principles, and therefore, revocable prior to acceptance, Appellants cite *Ramsey v. Mr. T'S Auto Detail & Sales, Inc.*, No. M2008–01865–COA–R3–CV, 2009 WL 1605900 (Tenn.Ct.App.2009). In enforcing an offer of judgment entered into by the parties, the *Ramsey* Court stated that an "offer of judgment will be enforced as any other contract." *Id.* at *2. *Ramsey*, however, did not involve the question of whether an offer of judgment could be revoked prior to acceptance. Instead, the issue involved the interpretation of an offer of judgment that had been accepted by the opposing party. The only question was whether the properly accepted offer of judgment included the payment of attorney's fees. *Id.* Thus, *Ramsey* involved the interpretation of an accepted offer of judgment, which was construed as any other contract, rather than the question of whether Rule 68 offers of judgment may be revoked prior to acceptance.

The Appellants also cite this Court's Opinion in *Patton v. Upchurch*, 242 S.W.3d 781 (Tenn.Ct.App.2007). *Patton*, likewise, offers no guidance on this issue. The *Patton* case involved two lawsuits. In the first lawsuit ("the First Lawsuit"), the defendant allegedly offered a settlement to the plaintiffs. Prior to acceptance, however, the settlement was withdrawn due to a mistake concerning the amount of insurance coverage. *Id.* at 784. Accordingly, the plaintiffs made no attempt to accept the offer. Thereafter, the plaintiffs filed a motion to enforce a separate oral settlement agreement allegedly entered into by the parties. At a hearing nearly three years after the offer of judgment was withdrawn, the plaintiffs raised, for the first time, an argument that the offer of judgment could not have been revoked prior to the ten-day time frame. The parties agreed to bifurcate the issues of: 1) whether the settlement offer constituted an offer of judgment and/or whether an offer of judgment could be revoked prior to acceptance within the ten-day time period; and 2) whether the defendant could nevertheless sue for breach of an alleged Contract of Settlement. *Id.* at 788. While the First Lawsuit was still pending, the plaintiffs filed another lawsuit, asserting a breach of contract claim ("the Second Lawsuit"). Ultimately, in the First Lawsuit, the trial court ruled that Rule 68 did not apply because the offer had been withdrawn prior to acceptance. *Id.* at 784. The parties appealed the trial court's rul-

ing to this Court, but their appeal was dismissed and this Court never heard the merits of that argument. *Id.* at 785. The trial court subsequently dismissed the Second Lawsuit based on the doctrine of collateral·estoppel. *Id.* at 786. The Court of Appeals affirmed on other grounds, ·concluding that while the claim was not barred by collateral estoppel, it was barred by res judicata. *Id.* at 791.

Despite Appellants' contention . otherwise, the only issue in *Patton* was whether the plaintiffs' breach of contract claim was barred by either collateral estoppel or res judicata. The propriety of the trial court's conclusion that the offer of judgment was withdrawn prior to acceptance was not at issue in *Patton,* nor was it addressed by this Court in *dicta.* Indeed, the correctness of that ruling was at issue in the appeal of the First Lawsuit, but that appeal was dismissed and the substantive issue was never considered by this Court. Furthermore, regardless of whether the defendant properly withdrew the offer of settlement, the plaintiffs did not accept the offer within the time frame allowed by Rule 68. Here, the defendant accepted the offer well-within the time frame allowed by Rule 68. Accordingly, *Patton* offers no support for the Appellants' contention that an offer of judgment may be withdrawn prior to acceptance.

As previously discussed, no Tennessee courts have directly addressed the issue in this case. Several·courts from outside our jurisdiction have considered this issue, however, and can offer guidance to this Court. According to Appellees, this Court should consider and follow the reasoning outlined in the United States Circuit Court for the District of Columbia's Opinion in *Richardson v. Nat'l R.R. Passenger Corp.,* 49 F.3d 760, 764–65 (D.C.Cir.1995). In *Richardson,* the defendant employer presented the plaintiff employee with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, which provided at the time that:

> [a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and .thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.

Fed.R.Civ.P. 68 (1994).[2]

During the period for acceptance of the offer, the employer withdrew the offer based on new information it had obtained from the employee's physician. The next day, but still within the time frame for acceptance under Rule 68, the employee presented the employer with a written notice of acceptance of the offer of judgment. The employer immediately filed a motion to set aside the purported acceptance, on the basis that the offer had been withdrawn. Formal entry of the judgment was delayed pending resolution of the employer's argument. At the hearing, the em-

---

**2.** At the time of the appeal in *Richardson,* Rule 68 provided a ten-day window for acceptance of an offer of judgment. The Rule was amended in 2009, however, to provide that an offer of judgment must be made at least four-teen days prior to trial, and must be accepted within fourteen days of it being served. *See* Fed.R.Civ.P. 68(a). The amendment has no effect on our analysis.

ployer argued that Rule 68 offers could be revoked prior to acceptance, or in the alternative, that the acceptance should be set aside due to fraud. The trial court concluded that Rule 68 offers are generally irrevocable but allowed the employer to present evidence of fraud. The trial court ultimately ruled in favor of the employee, and the Rule 68 offer was entered as the judgment.

On appeal, the employer argued that the trial court erred in concluding that Rule 68 offers of judgment were not revocable at the will of the offeror. The Court of Appeals, disagreed, explaining:

> As is apparent, the Rule does not refer to the possibility of a revocation or withdrawal prior to the expiration of the 10 days. Amtrak argues that the Rule implicitly incorporates the law of contracts, and that under that law, as is well known, an offer can be revoked at any time prior to acceptance. To support [its argument], [the employer] relies on an opinion by the California Supreme Court interpreting the California counterpart to Rule 68 and holding that traditional contractual principles govern the making and acceptance of offers of judgment. *See T.M. Cobb Co., Inc. v. Superior Court*, 36 Cal.3d 273, 204 Cal. Rptr. 143, 147, 682 P.2d 338, 342 (1984) (in bank). Whatever the merits of the California Court's interpretation of its state rule, the few federal courts that have considered the revocability of offers under Rule 68 have concluded otherwise. All have treated Rule 68 offers as at least generally irrevocable during the 10–day period. See *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir.1989); *Fisher v. Stolaruk Corp.*, 110 F.R.D. 74, 75 (E.D.Mich.1986); *see also Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir.1988) (dicta). This view has been endorsed by commentators on the Rule as well. *See* Wright & Miller, *Fed-*

*eral Practice & Procedure* § 3004 (1973 & Supp.1994); 7 Moore's Federal Practice ¶ 68.05 (1994); Udall, *May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?*, 19 F.R.D. 401, 406 (1957); Simon, *The Riddle of Rule 68*, 54 Geo.Wash.L.Rev. 1, 5 n. 13 (1986).

> We agree with the federal courts that have examined the question, but we would put it categorically, as did the district judge in *Fisher*, 110 F.R.D. at 75, by stating that a Rule 68 offer is simply not revocable during the 10–day period. Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10–day option). If the Rule were to be read as [the employer] urges, the pressure on the plaintiff would be greater than the Rule contemplates, because the Rule so construed would allow a defendant to engage in tactical pressuring maneuvers. *See* Udall, *May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?*, 19 F.R.D. at 405.

*Richardson*, 49 F.3d at 764. Thus, the Court in *Richardson* held that a Rule 68 offer is not revocable within the time frame allowed for acceptance based on two considerations: (1) the plain language of the Rule does not refer to the "possibility of a revocation or withdrawal prior to the expiration of the 10 days"; and (2) Rule 68's "finely tuned procedure" is separate and distinct from traditional contract principles. *Id.*

From our research, the *Richardson* Court's interpretation of Rule 68 has been adopted nearly uniformly in the federal courts. While federal courts have disagreed as to whether some extenuating circumstances may allow revocation of an offer of judgment prior to the expiration of the Rule 68 time period, *see Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1240 (4th Cir.1989) (permitting revocation of offer of judgment induced by fraud); *Cesar v. Rubie's Costume Co., Inc.,* 219 F.R.D. 257 (E.D.N.Y. Jan. 20, 2004) (permitting revocation in cases of serious mistake); *Fisher v. Stolaruk Corp.,* 110 F.R.D. 74, 76 (E.D.Mich.1986) (outlining four-part test to determine whether a mistake is sufficient to allow revocation of an offer of judgment); *but see Webb v. James,* 147 F.3d 617, 620–21 (7th Cir.1998) (holding that a Rule 68 offer of judgment could not be revoked prior to the expiration of the time period, but could be challenged pursuant to Rule 60); *Perkins v. U.S. West Communications,* 138 F.3d 336, 339 (8th Cir.1998) ("We conclude that the plain language of Rule 68 mandates that an offer of judgment remain valid and open for acceptance for the full ten-day period outlined in the Rule despite an intervening grant of summary judgment by the district court."); *Richardson v. Nat'l R.R. Passenger Corp.,* 49 F.3d 760, 764–65 (D.C.Cir.1995) (holding that Rule 68 offers are "simply not revocable during the 10–day period but that a judgment entered on a properly accepted Rule 68 offer can be modified or withdrawn under Fed.R.Civ.P. 60(b) if the offer is induced by actual misconduct on the part of the plaintiff"), federal courts have consistently and uniformly held that a Rule 68 offer of judgment may not be revoked in the absence of such extenuating circumstances. *See, e.g., Webb v. James,* 147 F.3d 617, 620–21 (7th Cir.1998) (discussed in detail, *infra* ); *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 402 n. 6 (8th Cir.

1988); *Pineda v. Am. Plastics Techs., Inc.,* No. 12–21145–CIV, 2014 WL 1946686, at *7 (S.D.Fla. May 15, 2014) (noting that the irrevocable nature of Rule 68 offers is "well-established"); *Archbold v. Beneficial Sav. Bank,* No. CIV.A. 12–4951, 2012 WL 4853068 (E.D. Pa. Oct. 11, 2012); *Paris v. Ford Motor Co.,* No. 05–439 ACT/RLP, 2007 WL 4969148, at *1 (D.N.M. June 19, 2007) ("No court takes the position that offers of judgment should be freely revocable before a plaintiff has served the offeror with a notice of acceptance.") (quoting *Moore's Federal Practice* § 68.04[3] (3d ed.1997)); *Butler v. Smithfield Foods, Inc.,* 179 F.R.D. 173, 174–75 (E.D.N.C. 1998); *United States v. Hendricks,* No. 93–7161, 1993 WL 226291, at * 2–3 (N.D. Ill. June 24, 1993); *but see Cain v. City of St. Johns,* No. CIV 05–1659–PCT–SMM, 2007 WL 1020350, at *1 (D.Ariz. April 2, 2007) (allowing party to revoke offer of judgment when revocation was communicated prior to acceptance) (never cited by any other court).

■ We find the decision in *Richardson* and other federal cases highly persuasive on this subject. The version of federal Rule 68 in effect in *Richardson* is largely identical to our own version of Rule 68. Indeed, this Court has previously indicated that Rule 68 of the Tennessee Rules of Civil Procedure "was adopted from the Federal Rules of Civil Procedure." *Jackson v. Purdy Bros. Trucking Co., Inc.,* No. E2011–00119–COA–R3–CV, 2011 WL 4824198, at *3 (Tenn.Ct.App. Oct. 12, 2011). Decisions of federal courts construing rules that are substantially similar to our own are "highly persuasive." *Knapp v. Holiday Inns, Inc.,* 682 S.W.2d 936, 940 n. 4 (Tenn.Ct.App.1984). The Tennessee Practice Series has indicated that Rule 68 of the Tennessee Rules of Civil Procedure and Federal Rules of Civil Procedure are "substantially the same." 4 Nancy Fracas

MacLean et al., *Tennessee Practice Series–Rules of Civil Procedure Annotated* § 68:1 (3d ed.2000). In fact, several Tennessee decisions construing Rule 68 have relied on caselaw from the federal courts to support their construction. *See Jackson*, 2011 WL 4824198, at *4 (relying on federal law); *State ex rel. Landenberger v. Project Return, Inc.*, No. M2007–02859–COA–R3–CV, 2009 WL 637122, at *6–7 (Tenn.Ct.App. March 11, 2009) (same); *Jordan v. CSX Transp., Inc.*, No. M1999–01415–COA–R3–CV, 2001 WL 378555, at * 8 (Tenn.Ct.App. April 17, 2001) (same). From our reading, much like our own version of Rule 68, there is no express language either allowing revocation of a Rule 68 offer of judgment or prohibiting a revocation. The Court in *Richardson* concluded that a similar omission indicated that revocation was not contemplated by the framers of the rule. *See Richardson*, 49 F.3d at 764. We likewise conclude that the failure to include a provision allowing revocation is indicative of an intent not to allow revocation within the ten-day time period for acceptance. Moreover, Rule 68 of the Tennessee Rules of Civil Procedure clearly contemplates that an offeree will have ten days to accept or reject an offer of judgment. *See* Tenn. R. Civ. P. 68 ("If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment."). To hold that an offeror may unilaterally reduce the time period for acceptance by revoking the offer would be in conflict with that provision. As previously discussed, in construing a rule or statute, "[e]very word used is presumed to have meaning and purpose, and should be given full effect." *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn.2005). Accordingly, we cannot graft a revocation provision on to the language of Rule 68, where that provision would deprive the offeree of the ten days to consider the offer of judgment the offeree was clearly intended to possess pursuant to Rule 68's plain language.

Additionally, the *Richardson* Court and numerous other federal courts have concluded that the public policy behind Rule 68 of the Federal Rules of Civil Procedure supports a construction that revocation should not be permitted. As previously discussed in *Richardson*, the federal Rule 68 offer of judgment procedure is intended to offer a balanced incentive for both plaintiffs and defendants to settle cases. *See Richardson*, 49 F.3d at 764. While the offeree has "significant pressure" to settle the case in light of the consequences for non-acceptance, the offeree is also given a period of time to contemplate the offer, during which the offeror may not revoke the offer. *Id.* This procedure places balanced pressure on both plaintiffs and defendants to objectively evaluate their trial chances, while preventing either side from gaining a tactical advantage.

The same policy supports Rule 68 of the Tennessee Rules of Civil Procedure. As explained in the Advisory Committee Comment to Rule 68, the procedure outlined in Rule 68 was intended to "facilitate the settlement of cases in many instances." Tenn. R. Civ. P. 68 advisory committee cmt. (1984); *see also Francois v. Willis*, 205 S.W.3d 915, 917 (Tenn.Ct.App.2006) ("The purpose of the rule is to promote settlements."). More specifically, this Court has indicated that the purpose of Rule 68 is "to motivate the parties to undertake a meaningful assessment of the risks and costs of litigation" in furtherance of pre-trial settlement. *Jordan*, 2001 WL 378555, at *8. Further, Tennessee courts have emphasized the caution that must be exercised in utilizing Rule 68. According to this Court: "It has been said that, '[i]f

there is any occasion in civil litigation which calls for caution and care by counsel, it is the drafting of a Rule 68 offer.'" *Landenberger,* 2009 WL 637122, at *6 (quoting *Sampson v. Embassy Suites, Inc.,* No. CIV. A. 95–7794, 1998 WL 726649, * 1 (E.D.Pa. Oct. 16, 1998)). An interpretation of Rule 68 that permits an offeree ten days to consider an offer of judgment, without fear that the offer may be revoked, allows the appropriate amount of caution to be taken in considering the offer.

Additionally, the goal of balance inherent in Rule 68 is even more apparent in the Tennessee version of the Rule. Rule 68 of the Tennessee Rules of Civil Procedure was amended in 2005 to provide that either a plaintiff or a defendant may make an offer of settlement. *See* Tenn. R. Civ. P. 68 advisory committee cmt. (2005). The 2005 Amendment was intended to give plaintiffs the "the same advantage as that given [ ] defendant[s] under the prior text." *Id.* In contrast, Rule 68 of the Federal Rules of Civil Procedure provides that only a defendant may utilize the procedure outlined in the rule. *See* Fed. R.Civ.P. 68(a) (providing that only the "party defending against a claim" may serve an offer of judgment). Thus, Rule 68 of the Tennessee Rules of Civil Procedure is clearly intended to level the playing field between the parties with regard to the settlement of cases. Allowing an offeror to revoke an offer prior to the expiration of the ten-day period would only encourage an offeree to make a hasty decision with regard to accepting or rejecting the offer. This situation would clearly frustrate the purpose of the rule to allow the parties to make a reasoned and cautious "assessment of the risks and costs of litigation." *Jordan,* 2001 WL 378555, at *8.

Furthermore, we are not convinced by Appellants' argument that traditional contract principles should apply to determine the appropriate procedure and defenses applicable to a Rule 68 offer of judgment. While an accepted offer of judgment is enforced as any other contract, the offer itself is not a creature of contract; it is a mechanism created and governed by the Rules of Civil Procedure. Therefore, the procedure involved need not conform to contract principles. A similar argument was rejected by the Seventh Circuit Court of Appeals in *Webb v. James,* 147 F.3d 617 (7th Cir.1998). In *Webb,* the issue did not involve a purportedly revoked offer of judgment. Instead, after timely accepting an offer of judgment, the plaintiff sought to rescind his acceptance on the basis that he was mistakenly under the impression that the offer included attorneys fees. The Seventh Circuit held that while the doctrine of rescission was applicable to a typical contract, it was not a proper defense to a Rule 68 offer of judgment. According to the Court:

> The defendants are correct that, in general, courts use contract principles to interpret offers of judgment. *See Erdman v. Cochise County, Arizona,* 926 F.2d 877, 880 (9th Cir.1991) (typically, a settlement agreement is analyzed in the same manner as any other contract); *Mallory,* 922 F.2d at 1279–80 (in cases construing Rule 68 judgments where the parties disagree as to what was intended, courts apply contract principles); *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 400 (8th Cir.1988) ("[t]o decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply the principles of contract law"); .... **However, whether traditional contract defenses apply to Rule 68 offers of judgment is quite a different matter.** In general, courts have held, for example, that Rule 68 offers of

judgment may not be revoked during the 10 day period set by the Rule. *See Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 764 (D.C.Cir.1995) (all federal courts to consider the issue have treated Rule 68 offers as generally irrevocable during the 10 day period).... *See also* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil 2d*, § 3004 (1997) (the courts have agreed with one of the drafters of the Rule that Rule 68 offers cannot be withdrawn once served).

*Webb v. James*, 147 F.3d at 620–21 (emphasis added) (some citations omitted). Thus, the federal courts have held that traditional contract principles do not apply to Rule 68 offers of judgment where those principles would frustrate the purpose of the rule to "encourag[e] settlement and avoid[ ] protracted litigation." *Id.* at 621.

■ Under these circumstances, we agree with the federal courts that Rule 68 offers of judgment are generally not revocable prior to the expiration of the time period for acceptance provided by the Rule, regardless of traditional contract principles. In this case, there are no allegations of fraud or any other good cause that would prevent the typical operation of Rule 68. Instead, the record shows that the Appellants simply changed their minds and wished to proceed to trial. Accordingly, we need not consider what, if any,

circumstances would bar operation of the above rule. We note that the majority of state courts with rules similar to our own have also reached the conclusion that Rule 68 offers are not revocable within the time period for acceptance. *See Miller v. Handle Const. Co.*, 255 P.3d 984, 988 (Alaska 2011); *Mubi v. Broomfield*, 108 Ariz. 39, 492 P.2d 700, 702 (1972) ("We are of the opinion that the Offer of Judgment ... is not subject to revocation since an irrevocable offer for a period of time fixed by rule of law constitutes an option for consideration...."); *Centric–Jones Co. v. Hufnagel*, 848 P.2d 942, 946 (Colo.1993) ("there are no exceptions to the irrevocability of the offer of judgment ... it invokes a special statutory process spelled out in clear and unambiguous language which can and should be enforced without engrafting contract principles onto it");[3] *Smith v. Ky. State Fair Bd.*, 816 S.W.2d 911 (Ky.Ct. App.1991) (in conformance with interpretations of Rule 68 of the Federal Rules of Civil Procedure, offers of judgment are irrevocable); *Shelton v. Sloan*, 127 N.M. 92, 977 P.2d 1012 (N.M.Ct.App.1999); *Hackett v. Edwards*, 22 Misc. 659, 49 N.Y.S. 609, 610 (N.Y.Sup.Ct.1898) (offers of judgment are authorized by statute "and it reserves no right of retraction to the defendant"); *Hernandez v. United Supermarkets of Okla., Inc.*, 882 P.2d 84 (Okla.Civ.App.1994); *Dussault v. Seattle Pub. Schs.*, 69 Wash.App. 728, 850 P.2d 581, 584 (Wash.1993) (general contract

**3.** After the Colorado Supreme Court's decision in *Centric–Jones*, the Colorado General Assembly amended the offer of judgment statute "to allow a party to withdraw a settlement offer." *Rost v. Atkinson*, 292 P.3d 1041, 1043 (Colo.App.2012) (recognizing the amendment to offer of judgment rule). Likewise, the offer of judgment rules in Georgia, South Carolina, and Texas expressly allow revocation of an offer of judgment prior to acceptance. *See* Ga.Code Ann. § 9–11–68(c) ("Any offer made under this Code section shall remain open for 30 days unless sooner withdrawn by a writing served on the offeree prior to acceptance by the offeree...."); Rule 68(a), SCRCP ("Any offeror may withdraw an offer of judgment prior to its acceptance or prior to the date on which it would be considered rejected by giving notice to the offeree or his attorney as provided in these rules"); Tex.R. Civ. P. 167.3(a) ("An offer can be withdrawn before it is accepted."). Because these rules expressly allow revocation prior to acceptance, they are not analogous to Rule 68 of the Tennessee Rules of Civil Procedure.

principles do not apply to offers of judgment and counteroffers do not operate to reject offers of judgment); *but see T.M. Cobb Co. v. Superior Court,* 36 Cal.3d 273, 204 Cal.Rptr. 143, 682 P.2d 338, 341 (1984) (holding that revocation was permitted because the legislature did not include non-revocation language); *Sonnenburg v. Grohskopf,* 144 Wis.2d 62, 422 N.W.2d 925, 927 (Wis.Ct.App.1988) (holding that the offer of judgment statute was ambiguous and that parties are more likely to make settlement offers if the offers can be withdrawn); *c.f. Everson v. Kapperman,* 343 N.W.2d 19 (Minn.1984) (holding that because the Minnesota rule on offers of judgment included no time limit, unlike the federal counterpart, an offer of judgment must be revocable by the offeror). Thus, the clear weight of authority supports our decision herein.

Based on the foregoing, we hold that the Appellants were not entitled to revoke the offer of judgment in this case. Accordingly, the Appellees' March 15, 2013 acceptance of the offer of judgment was proper. The judgment of the Circuit Court of Giles County is, therefore, affirmed, and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs are taxed to Appellants, Kaitlyn Alexis McGinnis, b/n/f Chad McGinnis, and Chad McGinnis, and their surety.