IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 17, 2016 Session

**TERRY K. KING, ET AL. v. STEPHEN S. KELLY**

**Appeal from the Circuit Court for Davidson County**
**No. 14C3764      Kelvin D. Jones, Judge**

_____

**No. M2015-02376-COA-R3-CV – Filed June 28, 2016**
_____

Plaintiffs appeal from the trial court's order denying their motion to enforce two offers of judgment offered serially by the defendant. Because the trial court improperly certified its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ANDY D. BENNETT and BRANDON O. GIBSON, JJ., joined.

H. Anthony Duncan, Nashville, Tennessee, for the appellants, Terry K. King, and Roger A. King.

C. Benton Patton and Christopher M. Jones, Nashville, Tennessee, for the appellee, Stephen S. Kelly.

**OPINION**

**Background**

On September 8, 2014, Plaintiffs/Appellants Terry K. King ("Ms. King") and Roger A. King ("Mr. King," and together with Ms. King, "Appellants") filed a personal injury lawsuit against Defendant/Appellee Stephen S. Kelly ("Appellee"). The complaint alleged that Appellee was negligently operating his vehicle when he rear-ended Ms. King's automobile on October 28, 2013, causing her injuries. Appellants sought a total of $350,000.00 in damages for medical expenses, loss of earning capacity, pain and suffering,

loss of enjoyment of life, permanent injury and loss of consortium. Appellee filed an answer on September 7, 2014, raising the affirmative defense of comparative negligence and denying that Appellants were entitled to any relief.

On October 16, 2015, Appellee's counsel emailed counsel for Appellants with an offer of settlement in the amount of $7,195.00. On the same day, Appellee's counsel also mailed an offer of judgment pursuant to Rule 68 of the Tennessee Rules of Civil Procedure[1] in the same amount to Appellants. According to a later affidavit filed by Appellee's counsel, she and counsel for Plaintiffs engaged in negotiations in which Appellants made a demand of $19,995.00. In response, on October 19, 2015, Appellee's counsel then made another offer of judgment in the amount of $8,000.00. On October 23, 2015, Appellants filed a notice in the trial court of their acceptance of the two offers of judgment for a combined award of $15,195.00. On October 26, 2015, Appellee filed a motion to stay the entry of judgment and instead, to enforce the first offer of judgment in the amount of $7,195.00.

The trial court held a hearing on November 13, 2015. At the hearing, Appellants argued that based upon our holding in *McGinnis v. Cox*, 465 S.W.3d 157 (Tenn. Ct. App. 2014), the first offer of judgment could not be revoked by the Appellee within the ten-day period for acceptance. Because Appellants accepted both offers of judgment within ten days of their initial offer, Appellants contended that both offers were valid and that they were entitled to accept both offers for a combined judgment of $15,195.00. In contrast, Appellee asserted that in responding to the first offer of judgment with a demand for $19,995.00, the first offer had in fact been rejected by the Appellants, leaving Appellee free to make another offer of judgment. Appellee further asserted that *McGinnis* indicated that good cause could be utilized to revoke an offer of judgment; Appellee thus argued that his counsel's mistaken belief that the first offer had been rejected was sufficient good cause to allow revocation.

---

[1] Rule 68 provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property, or to the effect specified in the offer, with costs then accrued. Likewise a party prosecuting a claim may serve upon the adverse party an offer to allow judgment to be taken against that adverse party for the money or property or to the effect specified in the offer with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer and notice of acceptance, together with proof of service thereof, with the court and thereupon judgment shall be rendered accordingly. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all costs accruing after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

On November 24, 2015, the trial court entered an order finding that the ***McGinnis*** case was distinguishable because it did not involve the particular situation presented in the case-at-bar. The trial court therefore ruled that Appellants were not entitled to combine both offers of judgment. The trial court also denied Appellee's motion to enforce the first offer of judgment. Instead, the trial court ruled that Appellants "may elect to accept" either the first offer of judgment in the amount of $7,195.00, or the second offer of judgment in the amount of $8,000.00. The trial court further found that there was no just reason for delay and directed that a final judgment be entered pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Appellants immediately appealed to this Court.

**Discussion**

Appellants raise only one issue in this appeal: "Whether the trial court erred in failing to render judgment upon two irrevocable offers of judgment made under Rule 68 after Appellants simultaneously accepted both offers?" In addition to this issue, Appellee argues that the trial court's decision to certify its judgment as final was not proper under Rule 54.02 of the Tennessee Rules of Civil Procedure and that therefore this Court lacks subject matter jurisdiction to consider this appeal. Because our ability to rule on Appellants' substantive issue is predicated on this Court having subject matter jurisdiction over this appeal, we begin with Appellee's contention that we lack subject matter jurisdiction due to the lack of a final judgment.

This Court "cannot exercise jurisdictional powers that have not been conferred directly to [us] expressly or by necessary implication." ***Tennessee Envtl. Council v. Water Quality Control Bd.***, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007) (citations omitted). Our subject matter jurisdiction is limited to final judgments except where otherwise provided by procedural rule or statute. ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) (citing ***Aetna Cas. & Sur. Co. v. Miller***, 491 S.W.2d 85, 86 (Tenn. 1973)). An order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is typically not a final judgment that is appealable as of right. *See* Tenn. R. App. P. 3(a). Rule 3(a) of the Tennessee Rules of Appellate Procedure nevertheless permits parties to appeal an order that does not adjudicate all of the claims, rights, and liabilities of all parties if the trial court certifies its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Rule 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay

and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

As this Court explained:

Rule 54.02 creates two prerequisites to the certification of final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, *Bayberry*, 783 S.W.2d at 558, and (2) the order must expressly direct the entry of final judgment upon an express finding of "no just reason for delay," *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983). If the trial court certifies a judgment that is not conclusive as to "one or more but less than all of the claims in the action or the rights and liabilities of one or more parties, an appeal from it will be dismissed, even though the trial court decided to treat the order as final." 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2655 & n. 8 (3d ed.1998) (collecting cases). Similarly, an appeal will be dismissed if this Court determines that a certified judgment does not contain the requisite express findings, *Fagg v. Hutch Manufacturing Co.*, 755 S.W.2d 446, 447 (Tenn. 1988) (citation omitted), or improperly holds that "no just reason for delay" exists, *Huntington National Bank v. Hooker*, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991).

*Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467, at *2 (Tenn. Ct. App. Apr. 22, 2010).

We review the question of whether a trial court properly certified a judgment as final under a dual standard. *Carr*, 2010 WL 1633467, at *2 (citing *Brown v. John Roebuck & Assocs., Inc.*, No. M2008-02619-COA-R3-CV, 2009 WL 4878621, at *5 (Tenn. Ct. App. Dec. 16, 2009)). "Appellate courts must first determine whether an order disposes of one or more but fewer than all of the claims or parties, which is a question of law we review *de novo*." *Carr*, 2010 WL 1633467, at *2 (citing *Brown*, 2009 WL 4878621, at *5). If the order

properly disposes of one or more but fewer than all of the claims or parties, "appellate courts must then, and only then, determine whether there is no just reason for delay, a question we review under an abuse of discretion standard." *Carr*, 2010 WL 1633467, at *2. Accordingly, we begin with the question of whether the trial court's order disposes of one or more but fewer than all of the claims before it.

A "claim" for the purposes of Rule 54.02 is defined as the "'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Brown*, 2009 WL 4878621, at *6 (quoting *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978) (per curiam)). In *Carr v. Valinezhad*, this Court indicated that an order that adjudicates "only two transactions on a single count alleged in the complaint" does not dispose of a claim for purposes of Rule 54.02. *Carr*, 2010 WL 1633467, at *4. In another case, this Court ruled that Rule 54.02 certification was improper because the plaintiff's various claims involving violations of property association rules "all involve the same parties and arise out of the same operative facts." *Brentwood Chase Cmty. Ass'n v. Truong*, No. M2014-01294-COA-R3-CV, 2014 WL 5502393, at *2 (Tenn. Ct. App. Oct. 30, 2014). The Court therefore ruled that these violations "do not constitute separate claims" for purposes of Rule 54.02. *Id.*

In yet another case, a plaintiff filed a complaint for legal malpractice against a law firm alleging three separate incidents of negligence relating to: (1) failure to advise; (2) failure to investigate; and (3) failure to act timely. *See Christus Gardens, Inc. v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. M2007-01104-COA-R3-CV, 2008 WL 3833613, at *2 (Tenn. Ct. App. Aug. 15, 2008). The trial court dismissed the first two legal theories based upon the expiration of the applicable statute of limitations and designated its ruling as final pursuant to Rule 54.02. *Id.* On appeal, however, we concluded that "the multiple incidents of legal malpractice" described above were merely "different theories of legal malpractice . . . aris[ing] from an aggregate set of operative facts." *Id.* at *5. Accordingly, we held Rule 54.02 certification was improper because the case involved only one claim, that for legal malpractice. *Id.* We have also held that an order that dismissed a plaintiff's entire breach of contract claim against a party sufficiently disposes of one claim to qualify for Rule 54.02 certification. *See FSGBank, N.A. v. Anand*, No. E2011-00168-COA-R3-CV, 2012 WL 554449, at *4 (Tenn. Ct. App. Feb. 21, 2012) (ruling that Rule 54.02 certification was proper because the trial court's order "completely adjudicated" the plaintiff's breach of contract claim, leaving only the counterclaims to be adjudicated).

This case involves three remaining parties.[2] There can be no dispute that none of these parties were dismissed by the trial court's November 24, 2015 order. Appellants argue,

---

[2] A fourth party, an unnamed insurance company serving as Appellants' uninsured motorist carrier was dismissed by agreed order on March 8, 2015. This order was not certified as final pursuant to Rule 54.02 and no party takes issue with the dismissal in this appeal.

however, that the trial court's order "is dispositive *and will conclude this civil action.*" Respectfully, we cannot agree. The trial court's order is not a final adjudication of this action. Instead, the trial court's order merely denied Appellants' motion to accept both offers of judgment for a combined judgment of $15,195.00, denied Appellee's motion to force Appellants to accept the first offer of judgment, and instead directed Appellants that they had the choice as to which offer of judgment to accept. Nothing in the record on appeal indicates that Appellants ever actually accepted one offer of judgment, as allowed by the trial court. Indeed, the trial court even indicated that Appellants "may elect" to accept either offer; as such, nothing in the record indicates that Appellants may not choose to reject both offers of judgment and instead proceed to trial on their claim. Because no judgment has been entered in favor of either side, no conclusion of any claim has in fact been reached. Therefore, without a final adjudication of at least one claim by the trial court, Rule 54.02 is simply inapplicable. Although we might assume that Appellants would accept the higher offer of judgment, this Court will not "do[] constructively what neither party has chosen to do in actuality." ***Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.***, No. W2015-00509-COA-R3-CV, 2016 WL 325499, at *9 (Tenn. Ct. App. Jan. 27, 2016). As such, the trial court's order allows Appellants the choice to accept one offer of judgment or proceed with their case until a final resolution through other means, such as summary judgment or trial. The case is therefore not concluded by the trial court's November 24, 2015 order.

We also cannot agree that the trial court's order disposes of one or more but fewer than all the claims of the parties. Here, there are arguably three claims at issue: (1) Ms. King's claim for compensatory damages due to Appellee's negligence; (2) Mr. King's claim for loss of consortium due to Appellee's negligence; and (3) Appellee's affirmative defense of comparative negligence.[3] Nothing in the record on appeal indicates that any of the above claims have been adjudicated in any way. While Appellants' acceptance of one offer of judgment would finally conclude this case, as discussed above, Appellants have simply not taken that action. The trial court's order, therefore, does not dispose of **any** of these claims, which are all still awaiting final resolution by the trial court, as discussed above. Accordingly, the trial court improperly certified its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

Finally, Appellants argue that holding Rule 54.02 certification improper places them between the proverbial Scylla and Charybdis,[4] in that if they had not filed their appeal within

---

[3] We note that this Court recently granted an application for an interlocutory appeal on the question of whether an affirmative defense constitutes a "claim, counterclaim, or cross-claim" for purposes of summary judgment. *See **Young v. Jordan, et al.***, No. W2015-02453-COA-R9-CV. Our Opinion in this case should not be read as expressing any Opinion as to the issue in that case.

[4] Scylla is "a dangerous rock on the Italian side of the Straits of Messina, opposite the whirlpool of Charybdis," used to symbolize a place "between two perils, neither of which can be evaded without risking the other." *Webster's New World College Dictionary* 1308 (5th ed. 2014).

thirty days of the trial court's Rule 54.02 certification, their appeal may have been "time-barred due to a failure to appeal the order in a timely manner as required by the Tennessee Rules of [Appellate] Procedure." We acknowledge that this situation places Appellants in a precarious position. However, we note that had Appellants delayed their appeal until a final judgment was properly entered, they could have argued in an appeal from that order that the trial court's earlier Rule 54.02 certification was improper and that their appeal was not untimely. In any case, Appellants did not choose to delay their appeal, and this Court cannot waive subject matter jurisdiction requirements based upon hypothetical issues that simply are not applicable in the present case. *See* Tenn. R. App. P. 2 (allowing this Court to suspend its rules for "good cause").[5] Because no final judgment exists in this case, we lack subject matter jurisdiction to adjudicate this appeal and it must be dismissed.

## Conclusion

This appeal is dismissed for lack of subject matter jurisdiction. Costs of this appeal are taxed to Appellants, Terry K. King and Roger A. King, and their surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[5] In addition, Appellants were entitled to seek an appeal of the trial court's interlocutory order by permission pursuant to Rule 9 and 10 of the Tennessee Rules of Appellate Procedure. No application for an interlocutory or extraordinary appeal, however, was filed in this Court.